# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR06-0055-LRR |
| vs. | |
| RONDESHA NNEKA ROUNDTREE, | **PRELIMINARY ORDER** |
| Defendant. | |

---

This matter comes before the court on its own motion. In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission.").

On November 1, 2007, the Sentencing Commission issued Amendment 706, as amended by Amendment 711, to USSG §2D1.1. *See generally* USSG App. C at www.ussc.gov. Amendment 706 generally reduces by two levels the offense level that is applicable to cocaine base ("crack") offenses. On December 11, 2007, the Sentencing

Commission voted to apply Amendment 706 retroactively to crack offenses, and it set March 3, 2008 as the date that Amendment 706 could be applied retroactively. The Sentencing Commission also promulgated amendments to USSG §1B1.10, which set forth the conditions that must exist before a defendant is entitled to a sentence reduction as a result of an amended guideline range. *See generally* USSG App. C at www.ussc.gov. New USSG §1B1.10 took effect on March 3, 2008 and, in relevant part, states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."). The Sentencing Commission included Amendment 706 within subsection (c). USSG §1B1.10(c). Consequently, under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10, the court may rely on Amendment 706 to reduce the defendant's sentence.

For the instant matter, the court does not intend to appoint counsel. *See United States v. Legree*, 205 F.3d 724, 729-30 (4th Cir. 2000) (concluding that there is no right to assistance of counsel when pursing relief under 18 U.S.C. § 3582(c)); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999) (same); *United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996) (same); *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995) (same); *United States v. Reddick*, 52 F.3d 462, 464 (2d Cir. 1995) (same). Further, the court does not intend to conduct a hearing prior to granting a reduction based on Amendment 706. *See Legree*, 205 F.3d at 729-30 (finding that a judge need not hold a hearing on a motion pursuant to 18 U.S.C. § 3582(c)); *Restrepo-Contreras v. United States*, No. 96-1411, 1996 WL 636560, *2, 1996 U.S. App. LEXIS 28844, at *5 (1st Cir. Nov. 4, 1996) (same);

*Townsend*, 98 F.3d at 513 (concluding district court did not abuse its discretion when it did not hold an evidentiary hearing); *United States v. Dimeo*, 28 F.3d 240, 241 n.3 (1st Cir. 1994) (noting that the district court received no input from the parties and conducted no hearing before reducing the defendant's sentence under 18 U.S.C. § 3582(c)); *see also* Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding that involves the correction or reduction of a sentence under 18 U.S.C. § 3582(c)). Additionally, the court concludes that *United States v. Booker*, 543 U.S. 220 (2005), does not apply to proceedings under 18 U.S.C. § 3582(c)(2).

At the court's request, the United States Probation Office prepared a memorandum that, among other things, addresses the defendant's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2) and calculates the defendant's amended guideline range. The United States Probation Office also provided the court with additional documents in support of its memorandum. Those documents include, but are not limited to, the defendant's pre-sentence investigation report and the Bureau of Prison's report on the defendant.

Pursuant to 18 U.S.C. § 3582(c)(2) and USSG §1B1.10, the court concludes that the defendant is entitled to a sentence reduction. *See United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997) (explaining requirements under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10). Previously, the court determined the defendant's guideline range to be from 37 to 46 months imprisonment,[1] and the court sentenced the defendant to 37 months imprisonment on count 1 of the indictment.[2] The defendant's amended guideline range is from 30 to 37 months imprisonment. Having reviewed the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction

---

[1] Before reaching the guideline range of 37 to 46 months imprisonment, the court, among other things, relied on 18 U.S.C. § 3553(f) and USSG §5C1.2(a) to disregard the statutory minimum sentence.

[2] Count 1 charged the defendant under 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 846.

in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court preliminarily deems it appropriate to exercise its discretion and grant the defendant the maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. The maximum reduction results in a new term of 30 months imprisonment on count 1 of the indictment.[3] Apart from the committed portion of the defendant's sentence, all of the other previously imposed terms and conditions remain the same; the duration and conditions of the defendant's supervised release remain unchanged.

The parties are hereby notified that they have 20 days from the date of this order to file written objections to this proposed reduction to the defendant's sentence. If either party desires a hearing, the party must make a request in writing within 20 days from the date of this order. The party requesting a hearing must outline the issue(s) that the party believes should be addressed by the court. The defendant is further notified that she may file a motion for appointment of counsel within 20 days from the date of this order. If the defendant deems it appropriate to ask for counsel, the defendant should send her motion for appointment of counsel to the following address:

> U.S. District Court for the Northern District of Iowa
> 101 First Street SE
> Cedar Rapids, IA 52401

The defendant's motion for appointment of counsel should be accompanied with a financial affidavit. The defendant should also utilize such address if she deems it appropriate to file an objection regarding the court's decision to reduce her sentence without a hearing.

If no objection from either party is filed within the 20 day period established by the court, an order will be filed that makes final the new term of imprisonment.

The Clerk of Court is directed to send a copy of this order to the United States, the defendant and the Federal Public Defender. The Clerk of Court is also directed to send the defendant a CJA 23 form, that is, the financial affidavit form.

---

[3] In the event that the court incorrectly determined that *Booker*, 543 U.S. at 220, does not apply to proceedings under 18 U.S.C. § 3582(c)(2), the court notes that it would impose the same term of imprisonment.

**IT IS SO ORDERED**.

**DATED** this 22nd day of April, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA